Cavanagh, J.
(dissenting). I respectfully dissent. I would not overrule People v Burton, 433 Mich 268; 445 NW2d 133 (1989), because it is a prudent decision that defends the integrity of the evidence we admit in our courts.
*140 Overruling precedent is a grave measure that should occur only after serious consideration. Before this Court overrules a deliberately made decision, it should be convinced not only that the case was incorrectly decided, but also that overruling it will cause less injury than following it. McEvoy v Sault Ste Marie, 136 Mich 172, 178; 98 NW 1006 (1904). In deciding whether to overrule established precedent, this Court must examine whether (1) the earlier case was incorrectly decided, (2) the earlier case defies practical workability, (3) reliance interests would work an undue hardship if the earlier case were overruled, and (4) changes in the law or facts no longer justify the earlier decision. Robinson v Detroit, 462 Mich 439, 464-465; 613 NW2d 307 (2000). In light of these factors, I am convinced that Burton should not be overruled. In particular, I believe that the first Robinson factor weighs strongly against overruling Burton and its rule that a startling event or condition must be established by independent proof before a statement emanating from the event or condition may be admitted under the excited utterance exception to the hearsay rule.
The Federal Rules of Evidence codified a number of exceptions to the hearsay rule that had been recognized at common law. The advisory committee’s notes to FRE 803 described the rule as a synthesis of common-law hearsay exceptions, “with revision where modern developments and conditions are believed to make that course appropriate.” In 1978, Michigan adopted the excited utterance exception to the hearsay rule, MRE 803(2), stating that it was identical with FRE 803(2). At the time we adopted the Michigan Rules of Evidence, whether MRE 803(2) and FRE 803(2) required independent proof of the startling event was an unsettled question. The advisory committee’s notes to FRE 803(2) declined to resolve the issue “[wjhether proof of *141 the startling event may be made by the statement itself,” dismissing it as “largely an academic question ____”
Accordingly, when this issue arose in Burton, this Court was addressing an unsettled question of law that was a matter of first impression in Michigan.[1] We stated that “the specific question in this case — whether [a proffered excited utterance] may establish the underlying startling event — has not been considered by Michigan courts.. . .” Burton, supra at 280. The Burton Court properly sought to effectuate the intent of the formulating body by applying a reasonable construction that promoted the purpose of the provision. In discerning the intent of the formulating body, we appropriately interpreted MRE 803(2) consistently with Michigan cases that had applied its common-law predecessor.
In particular, Burton consulted Rogers v Saginaw-Bay City R Co, 187 Mich 490; 153 NW 784 (1915), a case that predated the Michigan Rules of Evidence but addressed the common-law spontaneous exclamation exception to the hearsay rule, which was analogous to MRE 803(2). Statements were admissible under the spontaneous exclamation exception if they met three conditions:
(1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance *142 spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it. [Rogers, supra at 494, citing 3 Wigmore, Evidence, § 1750 et seg.][2]
Rogers involved a wrongful-death action in which the decedent was allegedly injured by the negligent operation of a street car. Rogers, supra at 491. The only witness to the apparent incident was the decedent himself, so the case hinged on the admission of the decedent’s statements to his son. The son witnessed his father limping home with a drawn face, so he asked his father what was the matter. Id. at 492. The son proffered testimony that the decedent told him that “ ‘while he was in the act of alighting from the car one foot was on the running board and the other foot was nearly on the ground, and the car started and threw him to the pavement on his right hip.’ ” Id. at 492-493. The issue presented was whether the decedent’s statement fit within the hearsay exception that permitted the admission of spontaneous exclamations. Id. at 493.
This Court held that the proffered statement failed to meet the second condition — that the statement must have been made before there has been time to contrive and misrepresent. Rogers asked, “[H]ow can the second condition be met without direct and independent evidence of the time of the startling occasion with refer *143 ence to the making of the statement?” Id. at 494. In other words, the foundation of the spontaneous exclamation exception required independent evidence of the statement’s temporal relationship to the event to show that the statement arose spontaneously from the event.
In rejecting the notion that a statement alone could establish its own spontaneity for the purpose of this hearsay exception, Rogers illustrates our historical prohibition of the admission of hearsay evidence and disinclination to permit the circular practice of relying solely on the content of the statement to establish its foundation for admissibility. Notably, Rogers actually required independent proof that the event and the statement were so closely related in time as to establish that the statement was a spontaneous reaction to the event. Rogers recognized that the independent-proof requirement was necessary to meet the foundational elements of the exception. The foundational elements of a hearsay exception ensure that admission of the statement would fulfill the fundamental rationale of the exception.
Using the same reasoning, Burton determined that the first and third conditions of the excited utterance exception — that a statement arose out of a startling event or condition and related to the circumstances of the startling occasion — require proof independent of the content of the statement itself. Just as in Rogers, the independent-proof requirement in Burton ensures that the foundational elements of the exception are met and that admission of the statement furthers the underlying rationale of the exception.
The foundational elements of the excited utterance exception embody its underlying rationale — the reason why, although it is hearsay, a statement is deemed trustworthy enough for admission. It is widely accepted *144 that the “premise underlying the exception for excited utterances is that a person under the influence of excitement precipitated by an external startling event will not have the reflective capacity essential for fabrication. Thus, any utterance made under such circumstances will be spontaneous and trustworthy.” 5 Weinstein, Federal Evidence (2d ed), § 803.04[1], pp 803-18.1 to 803-19. The excited utterance exception is based on the principle that hearsay statements are only sufficiently reliable when they are spontaneous reactions to a startling event or condition. But the exception does not encompass any statement arising from any startling occasion. Only a statement “relating to a startling event or condition” is admissible under the exception. MRE 803(2) (emphasis added). “The statement need not elucidate or explain the occurrence in order to qualify as an excited utterance. It must, however, relate to the event in some manner.” 5 Weinstein, § 803.04[5], p 803-29. In addition, at the time the statement is made, the declarant must be “under the stress of excitement caused by the event or condition.” MRE 803(2) (emphasis added). The excited utterance exception, therefore, specifically requires that the statement related to the startling event or condition and that the same event or condition to which the statement related caused the declarant’s excitement. These two foundational elements are precisely why Burton’s independent-proof requirement is invoked. The proponent of the evidence must show that the statement satisfies the foundational elements of the excited utterance exception. If there is no independent evidence of the nature of the startling event or condition, it is impossible to adequately prove that the statement related to the starting event or condition or to establish that the occasion caused the declarant’s excitement.
*145 The majority claims that Burton’s independent-proof requirement is inconsistent with MRE 104(a). I disagree. The independent-proof requirement can be applied along with MRE 104(a) because independently establishing the existence of the startling event or condition is fundamental to the elements of MRE 803(2). This Court determined in Burton that the independent-proof requirement is integral to the foundational elements of the exception; thus, the relevant preliminary factual question for purposes of determining admissibility is whether a statement arose out of and related to a startling occasion for which there is independent evidence. As such, there is no inconsistency between the independent-proof requirement and the latitude that MRE 104(a) gives a trial court to consider inadmissible evidence in resolving preliminary questions concerning the admissibility of evidence. The court would still be free under MRE 104(a) to consider other inadmissible evidence when deciding whether to admit a statement under MRE 803(2); the content of the statement itself would be excluded only from the court’s determination of whether independent proof of the startling event or condition exists. In sum, while MRE 104(a) provides that the court is not bound by the rules of evidence while making determinations concerning admissibility, MRE 104(a) does not permit the court to disregard the criteria for admissibility inherent in the rule of evidence under consideration.
The majority’s approach elevates MRE 104(a) over the other rules of evidence by concluding that MRE 104(a) grants the court unfettered authority to consider any evidence, aside from privileged evidence, while ignoring that the foundational requirements of the rule under consideration can direct what evidence the court may consider in making determinations concerning admissibility. The majority accuses me of trying to *146 “have it both ways” by asserting that the court is not bound by the rules of evidence while making admissibility determinations, but is bound by MRE 803(2). Ante at 135 n 10. But the majority fails to recognize that the fundamental duty that MRE 104(a) entails is determining admissibility under the rules of evidence. MRE 104(a) permits the court to consider inadmissible evidence in making determinations concerning admissibility, but it does not excuse the court from ensuring that, ultimately, the conditions for admissibility are met. In this case, the content of the statement is not excluded from consideration because it is inadmissible hearsay under the rules of evidence; it is excluded because independent proof of the startling event or condition is fundamentally required to establish admissibility under MRE 803(2).
The majority dismisses the suggestion that its opinion will permit a statement to bootstrap itself into admissibility by allowing the statement alone to establish a startling event or condition. Though declining to reach the question, the majority cannot conceal that the natural extension of its construction of MRE 104(a) and MRE 803(2) would allow such bootstrapping. The majority suggests that if this Court had interpreted MRE 104(a) and MRE 803(2) properly in Burton, it would have followed Bourjaily v United States, 483 US 171; 107 S Ct 2775; 97 L Ed 2d 144 (1987), which held that the adoption of the Federal Rules of Evidence abrogated the prohibition against bootstrapping in the context of admissions by coconspirators. Ante at 135-136. Given that the majority opinion endorses applying Bourjaily to MRE 803(2), it is notable that both the majority and Bourjaily shy away from addressing the disturbing consequence of their rulings. The majority states that “we do not need to reach the question whether the statement standing alone could supply the evidence of *147 the startling event.” Ante at 132. Similarly, in Bourjaily, the United States Supreme Court concluded that a court may consider an alleged coconspirator’s statements in determining whether the statements are admissible as a party admission under FRE 801(d)(2)(E). Bourjaily, supra at 178-179. However, the Court declined to resolve whether an alleged coconspirator’s statements could, by themselves, satisfy the proponent’s burden, stating that “[w]e need not decide in this case whether the courts below could have relied solely upon [the declarant’s] hearsay statements to determine that a conspiracy had been established by a preponderance of the evidence.” Id. at 181. Thus, the Court left open the issue whether some independent proof of the conspiracy was required.
But it is apparent from their reaction to Bourjaily that the United States Judicial Conference, the Court, and Congress understood that Bourjaily’s ruling would logically permit bootstrapping under FRE 801(d)(2)(E). Significantly, in response to Bourjaily, these bodies proposed and approved an amendment of FRE 801(d)(2)(E).[3] The rule was amended to provide that the “contents of the statement shall be considered but are not alone sufficient to establish .. . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered .. ..” (Emphasis added.) The advisory committee’s notes observed that the amendment accorded with existing practice, because every court of appeals that had addressed the issue required some evidence in addition to the contents of the statement. The amendment of FRE 801(d)(2)(E) in response to Bourjaily *148 reflected the recognition that Bourjaily’s reasoning — on which the majority’s opinion relies — opened the door to bootstrapping; otherwise, it would not have been necessary to add an explicit protection against bootstrapping to FRE 801(d)(2). The amendment also indicated a prevailing policy against allowing the type of bootstrapping that the majority’s approach will permit in the context of MRE 803(2).
Moreover, the amendment makes clear that FRE 104(a) does not permit the court to overlook the foundational requirements of the particular rule of evidence under consideration. In other words, if the foundational elements of a rule of evidence prohibit the court from relying on a particular piece of evidence, FRE 104(a) does not override the rule and grant the court authority to rely on the prohibited evidence. Accordingly, there is no contradiction between MRE 104(a) and Burton’s independent-proof rule because MRE 803(2) fundamentally requires independent proof of the startling event or condition.
The majority’s rule will undoubtedly permit the admission of statements under this exception that do not meet its criteria and, consequently, do not carry the inherent trustworthiness sought by the exception. Without independent evidence of the startling event or condition, there will be inadequate proof that the statement related to the startling event or condition and that the declarant’s excitement was caused by the same event or condition referred to in the statement.
Burton illustrates the peril of operating without independent proof of the event, thereby neglecting these criteria. In Burton, a police officer encountered a woman “running down the street wearing a twisted dress and no shoes, looking over her shoulder as if someone might be pursuing her.” Burton, supra at 272. *149 The officer stopped and let her into his squad car, where she reported that she had been sexually assaulted by defendant Burton when she had gone with an acquaintance to Burton’s house. Id. at 272-273. She stated that she had escaped by asking permission to use the bathroom, then using the opportunity to pull her dress on and run out of the house. Id. at 274. The woman’s trial testimony provided an entirely different account of events. She testified that she had accompanied an acquaintance to Burton’s house, where she expected to be paid for having sex with Burton. After she disrobed, she requested money from Burton, but he refused and accused her of having taken money from him. They got into a heated argument, prompting Burton to slap her. She got angry, cried, and ran out, expecting Burton to come after her and try to talk to her. Id. She testified that she decided to tell the police that Burton had raped her in order to get back at him for having slapped her. Id. at 275. At trial, Burton objected to the admission of the woman’s original statements to the police officer under the excited utterance exception. We held that the statements were inadmissible without independent proof that the purported startling event — a sexual assault — took place. Id. at 294. We found that the independent evidence — the woman’s demeanor, physical condition, and appearance at the time of the statement; Burton’s attempt to remove the woman’s shoes and panties from his house; the discovery of the woman’s brassiere in the house; and the testimony of the other eyewitness — only established at most a stressful event with sexual overtones. Id. at 297-298.
Burton provides an excellent illustration of the necessity of proving with independent evidence the existence of a startling event or condition. Burton presented two potentially startling events according to two different versions of facts: either a sexual assault or an act of *150 prostitution turned assault. Either event could explain the declarant’s demeanor, disarray, and presence at the defendant’s home, but only one version of events supported the content of the declarant’s statements. The concern addressed by Burton was not that a declarant might wholly invent a startling event and feign agitation; it was that a declarant who had been legitimately agitated by an event could make a statement reflecting an entirely different event. Without independent evidence of the underlying event, the statement could not adequately prove two of the conditions for admissibility under the excited utterance exception: that the statement related to the event and that the declarant’s excitement was caused by that very event. The declarant’s agitation could have been caused by an actual startling event, but if the declarant’s statement reflected a different startling event, the statement did not “relate to” the actual startling event, and thus failed a necessary condition for admissibility. Further, in such a case, the declarant’s excitement would not have been caused by the same event that was reflected in the statement, which is also a condition for admissibility. It is rarely disputed that some kind of startling event or condition has occurred in cases like Burton and the instant case. Independent evidence of some startling event or condition will usually be apparent from the declarant’s demeanor. But the criteria for the excited utterance exception demand more than just any startling occasion — they require that the statement had a certain relationship with the particular event or condition that caused the excitement. And given that the hearsay statement is presumptively unreliable before it meets the criteria, it cannot alone establish the other criteria.
In practice, Burton provides a modest protection against admitting unsupported hearsay statements when there is no other independent evidence establishing that the underlying event occurred. Burton bars *151 admission only in the most extreme cases, when there is insufficient independent evidence of the underlying startling event or condition. In such cases, these proffered statements might be considered particularly valuable evidence, as they perhaps comprise the only proof of a criminal act; but, for the same reason, they are the most dangerous evidence if they are allowed to supply their own foundation for admissibility. As a rule that guards against the admission of untrustworthy evidence in rare cases, Burton should not be overruled.
In sum, Burton was not incorrectly decided. Burton’s independent-proof requirement is compelled by the plain language of MRE 803(2) and the rationale of the excited utterance exception. It was consistent with our treatment of the analogous common-law spontaneous exclamation exception to the hearsay rule. Moreover, the independent-proof requirement does not contradict MRE 104(a); it simply requires a court to abide by the foundational elements of MRE 803(2).
I believe that Burton should not be overruled, given the strength of the first Robinson factor: Burton was not incorrectly decided. To complete the Robinson analysis, Burton’s independent-proof requirement does not defy practical workability; it simply requires a trial court to make a specific evidentiary finding. Reliance interests do not appear to be significantly involved here, except inasmuch as overruling established precedent disrupts the certainty of the law. I would also argue that there has been no change in the law or facts that would vitiate Burton’s rule. It seems to me a squandering of resources to be rearguing the intricacies of a decision made nearly 20 years ago, a debate that excludes the original parties and nearly all the members of the Court at the time.
*152 This case presented a direct challenge to Burton on facts similar to those in that case. The prosecution did not appeal on the ground that the district court’s evidentiary ruling was an abuse of discretion, but asked this Court to overrule Burton. Because I would not overrule Burton, I would affirm the judgment of the Court of Appeals.
KELLY, J., concurred with CAVANAGH, J.

 Because the issue was one of first impression in Michigan and the advisory committee’s notes to the Federal Rules of Evidence indicated that courts had come to different conclusions, this Court was well within its authority to adopt the position that MRE 803(2) requires independent proof of the underlying startling event or condition. I disagree with the majority’s assertion that this Court was required to invoke the amendment process rather than holding in Burton that MRE 803(2) required independent proof of the startling event or condition. The independent-proof requirement is consistent with the language of MRE 803(2) and was not a departure from previous Michigan law.

2 These conditions are virtually identical to the criteria for admissibility of statements under MRE 803(2), which are derived from the text of the exception:
To come within the excited utterance exception to the hearsay rule, a statement must meet three criteria: (1) it must arise out of a startling occasion; (2) it must be made before there has been time to contrive and misrepresent; and (3) it must relate to the circumstances of the startling occasion. [People v Gee, 406 Mich 279, 282; 278 NW2d 304 (1979) (citations omitted).]

 The advisory committee’s notes to the 1997 amendment of FRE 801(d)(2)(E) stated: “Rule 801(d)(2) has been amended in order to respond to three issues raised by Bourjaily v. United States, 483 U.S. 171 (1987).”